UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:17-CV-26-CHL

LILLIAN MARIE PHILLIPS,                                                   Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,                              Defendant.

## MEMORANDUM OPINION AND ORDER

Before the Court is the complaint (DN 1) of plaintiff Lillian Marie Phillips ("Phillips") filed on January 17, 2017. In her complaint, Phillips seeks judicial review of the final decision of the Commissioner of Social Security ("the Commissioner"). *See* 42 U.S.C. § 405(g) (2012) ("Any individual, after any final decision of the Commissioner of Social Security . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision . . . ."). Phillips filed a Fact and Law Summary (DN 15). The Commissioner also filed a Fact and Law Summary (DN 18).

The parties have consented to the jurisdiction of a magistrate judge to enter judgment in this case with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 14). Therefore, this matter is ripe for review. For the reasons set forth below, the final decision of the Commissioner is affirmed.

I.     BACKGROUND

Phillips filed an application for supplemental security income on January 8, 2013, alleging that she became disabled on October 1, 2006. (Tr. 41.)

1

On July 22, 2015, Administrative Law Judge William C. Zuber ("the ALJ") conducted a hearing on her application. (*Id*. at 41.) Phillips did notattend her hearing, but claimant representative Kevin McDowell attended the hearing on her behalf. (*Id*. at 58.) Mr. Robert G. Piper, a vocational expert ("VE"), testified at the hearing. (*Id*. at 41.) In a decision dated November 25, 2015, the ALJ engaged in the five-step evaluation process promulgated by the Commissioner to determine whether an individual is disabled. (*Id.* at 50.) In doing so, the ALJ made the following findings.

1. Phillips has not engaged in substantial gainful activity since January 8, 2013, the alleged onset date. (*Id.* at 43.)

2. Phillips has the following medically determinable impairments: hepatitis, asthma, and a history of cervical and lumbar strains. (*Id*.)

3. Phillips does not have an impairment or combination of impairments that meets or medically equals the severity of impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id*. at 46.)

4. Phillips has the residual functional capacity ("RFC") to perform the full range of light work. (*Id*.)

5. Phillips is capable of performing her past relevant work as a house worker, general. (*Id.* at 49.)

6. Phillips has not been under a disability, as defined in the Social Security Act, from January 8, 2013, the date that her application was filed, through the date of the decision. (*Id*. at 49-50.)

Phillips timely requested an appeal to the Appeals Council on December 2, 2015. (*Id*. at 36.) On November 23, 2016, the Appeals Council denied Phillips's request for review. (*Id*. at 1.) At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.981, 422.210(a); *see also* 42 U.S.C. § 405(h) (discussing finality of the Commissioner's decision). Phillips timely filed this action on January 17, 2017. (DN 1.)

## II. DISCUSSION

The Social Security Act authorizes payment of supplemental social security benefits to persons with disabilities. Social Security Act, Supplemental Social Security Income, 42 U.S.C. §§ 1381-85 (2012). An individual shall be considered disabled if "he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *see also* 20 C.F.R. § 404.1505(a).

### A. Standard of Review

In conducting its review, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Sec'y of Health and Human Servs.*, 745 F.2d 383, 387 (6th Cir. 1984) (citing *Myers v. Richardson,* 471 F.2d 1265 (6th Cir. 1972)). Rather, the Court's review is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence" and that the correct legal standards were applied. 42 U.S.C. § 405(g); *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013); *Cole v. Comm'r of Soc. Sec.*, 661 F.3d 931, 937 (6th Cir. 2011). If the answer is "yes," then the

Court may not even inquire as to whether the record could support a decision the other way. *Smith v. Sec'y of Health and Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989).

"Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Cotton v. Sec'y of Health and Human Servs.*, 2 F.3d 692, 695 (6th Cir. 1993) (quoting *Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993)) (internal quotation marks omitted). Therefore, "[a] reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would also have supported the opposite conclusion." *Gayheart*, 710 F.3d at 374.

### B.  Five-Step Sequential Evaluation Process

The Commissioner has promulgated regulations that set forth a five-step sequential evaluation process that an ALJ must follow in evaluating a disability claim. 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows.

> 1)  Is the claimant engaged in substantial gainful activity? If the answer is "yes," the claimant is not disabled. If the answer is "no," proceed to the next step.
>
> 2)  Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to perform basic work activities? If the answer is "no," the claimant is not disabled. If the answer is "yes," proceed to the next step.
>
> 3)  Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1 to Subpart P of Part 404 of this chapter? If the answer is "yes," the claimant is disabled. If the answer is "no," proceed to the next step.

4) Does the claimant have the RFC to return to his or her past relevant work? If the answer is "yes," then the claimant is not disabled. If the answer is "no," proceed to the next step.

5) Even if the claimant cannot perform past relevant work, does the claimant's RFC, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy? If the answer is "yes," the claimant is not disabled. If the answer is "no," the claimant is disabled.

*Id*.

The claimant bears the burden of proof with respect to the first four steps. *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422-23 (6th Cir. 2008). The burden shifts to the Commissioner at the fifth step to prove that there are available jobs in the national economy that the claimant is capable of performing. *Id*. at 423. The claimant, however, always retains the burden of proving lack of RFC. *Herr v. Comm'r of Soc. Sec.*, 203 F.3d 388, 392 (6th Cir. 1999).

**C.     Phillips's Contentions**

This excerpt from the short transcript from the July 22, 2015 hearing sets the stage for Phillips's appeal.

> Q: Okay. So she performed it at the light level, in your opinion?
>
> A: According to the disability report, top amount lifted was 20 pounds. Yes.
>
> Q: Okay. And what was the SVP on that?
>
> A: Three.
>
> Q: Okay. I was going to say – so that comes out equivalent to the – well, there's a 2006 decision where they referred to it as a caretaker or a caregiver. But still came out with a light, SVP 3. Okay. I'd like to go with the first hypothetical. I'd like you to assume a hypothetical individual the same age, education, and

work history as the claimant. This individual would be capable of light exertion, no other limitations. Based on that, would this individual be capable of performing the claimant's past work?

A: Yes. As it was performed, not as it's classified.

ALJ: That's all the questions I have for you. Mr. McDowell, any questions for Mr. Piper?

REP: No questions.

(Tr. 60.)

Phillips raises two novel arguments with respect to the ALJ's denial of her claim at step four in the sequential evaluation. First, Phillips asserts that the ALJ erred by finding her able to perform her past relevant work as she actually performed it. (DN 15-1 at 3.) Second, Phillips argues that the ALJ violated Social Security Regulation 00-4p, 2000 SSR LEXIS 8 ("SSR 00-4p") by failing to address the alleged inconsistency between the VE's testimony and the *Dictionary of Occupational Titles* ("DOT"). (*Id.* at 3.) The Court will address each contention in turn.

### 1. The ALJ's finding that Phillips may perform her past relevant work "as-actually performed"

Some background is required to apprehend this issue. With respect to Phillips's RFC, the ALJ found that she could perform a full range of light work as defined in 20 C.F.R. § 416.967(b). (Tr. 46.) As noted, Phillips's past relevant work was as a house worker, general – a job that is normally classified in the DOT as medium work. (*Id.* at 49.)[1] The VE testified, and the ALJ accepted, however, that Phillips performed her past relevant work as a house worker, general, at the light level.

---

[1] Phillips does not appear to contest either of these findings.

Phillips argues that she cannot perform her past relevant work as she actually performed it. Phillips's argument can be parsed apart as follows: The definition of light work includes a limitation to only *occasional stooping* (or, put another way, frequent stooping describes an RFC more demanding than light work). Phillips *frequently stooped* in her past relevant work as a house worker, general. Because her RFC is limited to light work and thus occasional stooping, Phillips cannot perform her past relevant work. As the Court will demonstrate next, this argument lacks merit.

### a. The VE's Testimony

Phillip's Disability Report (Form SSA-3367) provided the VE the only concrete evidence as to how Phillips actually performed her past relevant work because Phillips did not attend the hearing before the ALJ. (Tr. 60.) "The claimant is the primary source for vocational documentation, and statements by the claimant regarding past work are generally sufficient for determining the skill level, exertional demands and nonexertional demands of such work." SSR 82-62, 1982 SSR LEXIS 27, at *6. Thus, the VE properly used Phillips's Disability Report to determine if she could perform her past relevant work because Phillips failed to show for her hearing.

The VE testified that Phillips's past relevant work was house worker, general. (Tr. 59.) The DOT defines house worker, general as a medium level job. DOT 301.474-010. However, the VE testified that Phillips actually performed her job as a house worker, general at the light level. (Tr. 60.)

20 C.F.R. §§ 416.967(b) defines light work.

> Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted

7

may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. 20 C.F.R. §§ 416.967(b).

Phillips's Disability Report shows that she lifted up to 20 lbs. and frequently lifted 10 lbs.; therefore, the VE accurately testified that Phillips performed her past job of house worker, general, at the light level. (Tr. at 60 and 215.) Specifically, the VE mentioned that "[a]ccording to the disability report, the top amount lifted was 20 pounds," which fits the definition of light work. (Tr. 60.)

### b. The ALJ's RFC Determination

The RFC assessment must address both the remaining exertional and non-exertional capacities of an individual. SSR 96-8p, 1997 WL 374184, at *5. "Exertional capacity addresses an individual's limitations and restrictions of physical strength and defines the individual's remaining abilities to perform each of seven strength demands: Sitting, standing, walking, lifting, carrying, pushing, and pulling." *Id*. The term "exertional" has the same meaning in the regulations as in the DOT; these occupations are classified as sedentary, light, medium, heavy, and very heavy. SSR 83-14, 1983 WL 31254, at *1.

On the other hand, "[n]on-exertional capacity considers all work-related limitations and restrictions that do not depend on an individual's physical strength [*i.e*., stooping, climbing, reaching, handling, seeing, hearing, speaking, tolerance of environmental factors, as well as mental limitations]." SSR 96-8p, 1996 WL 374184, at *6. "It is incorrect to find that an

8

individual has limitations or restrictions beyond those caused by his or her medical impairment(s)." *Id.*

The ALJ found that Phillips had the RFC to perform the full range of light work. (Tr. 46.) The ALJ did not find Phillips to have any non-exertional limitations, such as any stooping limitations, resulting from her impairments. *Id.* Importantly, Phillips does not contest the ALJ's determination that she could perform the full range of light work, nor does she claim that she has any non-exertional limitations due to any impairment.

Rather, Phillips argues that the definition of light work includes a limitation to occasional stooping. (DN 15 at 4.) Because Phillips frequently stooped in her past relevant work, she argues that the ALJ's conclusion that she can perform her past relevant work, as-actually performed, is not supported by substantial evidence. (*Id.*) In support of this argument, Phillips states that "the Agency unambiguously defines light work as requiring only occasional stooping." (DN 15 at 4; *See also* DN 15 at 7 ("Agency policy … unambiguously states that frequent stooping describes an RFC outside of (and more demanding than) the Agency's definition of 'light work'").) Phillips relies on language from SSR 83-10, 1983 LEXIS 30 ("SSR 83-10") to arrive at her conclusion. SSR 83-10 states, "The lifting requirement for the majority of light jobs *can be accomplished with occasional, rather than frequent, stooping*." SSR 83-10, 1983 LEXIS 30, at *14 (emphasis added). But this regulation does not support Phillips's argument. Nor has Phillips pointed to any case law to support it.

Instead, the language of SSR 83-10 indicates, on its face, that the *majority* of light work jobs can be performed with occasional rather than frequently stooping. In other words, SSR 83-10 appears to contemplate, and leaves open the possibility, that some light jobs may involve

9

frequent stooping, even though it is generally associated with occasional stooping. It by no means limits a person working at the light work level to occasional stooping. Nor does it incorporate a limitation of occasional stooping into the DOT's light work definition.

In short, Phillips had no non-exertional limitations, and, more to the point, no stooping limitation. Therefore, the ALJ found that she can perform the full range of light work. (Tr. 46.) Phillips has not shown that the light work level encompasses an occasional stooping limitation – quite the opposite, SSR 83-10 leaves open the possibility that one may frequently stoop at the light level. Therefore, Phillips is not entitled to a remand on this basis.

The Court will now turn to Phillips's second contention.

### 2. The ALJ's alleged failure to address an inconsistency between the VE's testimony and the DOT.

Phillips appears to argue that the VE's testimony that she performed her past work as a house worker, general, at the light work level was inconsistent with the light work definition contained in the DOT. More specifically, Phillips argues that, because the light work definition is associated with an occasional stooping limitation – and she frequently stooped in her past work –the VE's testimony that she could perform her past work at the light work level was inconsistent with the DOT's definition of light work. Phillips argues that this amounted to an inconsistency that the ALJ was required to address.

According to Social Security Ruling 00-4p, occupational evidence provided by a VE generally should be consistent with the occupational information supplied by the DOT. SSR 00-4p, 2000WL 1898704, at *2. The ALJ has an affirmative duty to inquire on the record as to whether or not there is an inconsistency between the VE's testimony and the DOT. *Harrington v. Comm'r of Soc. Sec.*, No. 1:14 CV 1833, 2015 WL 5308245, at *6 (N.D. Ohio Sept. 10, 2015).

"Beyond this initial inquiry, the ALJ is under no obligation to further investigate the accuracy of a VE's testimony 'especially when the claimant fails to bring any conflict to the attention of the [ALJ].'" *Id*. However, "[w]hen there is an apparent unresolved conflict between VE []evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE [] evidence to support a determination or decision about whether the claimant is disabled." *Id*.

First, there was no apparent inconsistency here. This is because, as the Court has found, the light work definition contained in the DOT does not include a limitation to only occasional stooping; in fact, the light work definition contained in the DOT does not mention stooping at all. Rather, SSR 83-10, which, in part, expounds on the definition of light work, simply states that the majority of light work can be accomplished with occasional stooping.

Second, even if the ALJ erred in failing to ask the VE whether his opinions were consistent with the DOT, it constituted harmless error. This is because, as demonstrated, there was no conflict between the VE's testimony that Phillips could perform her past relevant work, as performed, and the DOT's definition of light work. *See, e.g.*, *Bobo v. Berryhill*, No. 1:16CV2722, 2017 WL 7051997, at *20 (N.D. Ohio Sept. 21, 2017), *report and recommendation adopted*, No. 1:16-CV-2722, 2018 WL 562933 (N.D. Ohio Jan. 24, 2018) (collecting cases) ("[A]n ALJ's failure to inquire about consistency with the DOT may constitute harmless error where there is no conflict between the VE's testimony and the DOT."); *see also Harrington*, No 1:14 CV 1833, 2015 WL 5308245, at *7 ("Though the Sixth Circuit has not definitively resolved the issue, courts within this circuit "tend to hold that the technical error of failing to inquire does not constitute reversible error."). *But cf. Hunt v. Comm'r of Soc. Sec.*, No.

1:13-CV-145, 2014 WL 345660, at *7 (W.D. Mich. Jan. 30, 2014) ("The ALJ's duty to question a vocational expert whether his testimony conflicts with information contained in the DOT arises only "'if the [vocational expert's] evidence appears to conflict with the DOT.'") (internal citation omitted).

Therefore, Phillips is not entitled to a remand on this basis either.

### III. CONCLUSION

For these reasons, and the Court being otherwise sufficiently advised, it is **ORDERED** as follows:

(1) The final decision of the Commissioner of Social Security is **AFFIRMED** and this action is **DISMISSED** with prejudice.

(2) A final judgment will be entered separately.

cc: Counsel of record